ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| WILMARIS RODRÍGUEZ FIGUEROA<br><br>Recurrida<br><br><br>V.<br><br>JOSÉ LUIS CASTILLO COLÓN<br><br>Peticionario | TA2026CE00599 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CY2026RF00010<br><br>Sobre:<br><br>Divorcio, Ruptura Irreparable |
|---|---|---|

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2026.

El señor José Luis Castillo Colón nos solicita la revisión de las ordenes que emitió el Tribunal de Primera Instancia los días 6 y 7 de mayo de 2026. En síntesis, el foro primario le informó a Castillo Colón que cualquier controversia relacionada a bienes, debía ser atendida en un proceso separado e independiente al pleito de divorcio.

Evaluado el asunto, denegamos la expedición del auto de certiorari.

## I.

El 28 de enero de 2026, Wilmaris Rodríguez Figueroa presentó una demanda de divorcio por ruptura irreparable, pensión *pendente lite* y pensión excónyuge, contra José Luis Castillo Colón. En el inciso 6 de la demanda, la señora Rodríguez Figuera alegó que se reservaba el derecho de reclamar en un

pleito independiente la liquidación de dichos bienes, y la existencia de una sociedad "de hecho".[1]

El 27 de febrero de 2026, el señor Castillo Colón contestó la demanda. En cuanto al inciso 6 respondió lo siguiente: "no requiere contestación. Se deja a la estricta prueba de la Demandante".[2]

El 20 de marzo de 2026, se llevó a cabo el juicio en su fondo sobre el divorcio. Surge de la *Minuta*, notificada el 24 de marzo de 2026, que compareció la demandante representada por sus abogadas y el demandado acudió por derecho propio. A petición de la demandante, el Tribunal atendió únicamente la petición divorcio y señaló una vista de pensión excónyuge para el 13 de abril de 2026, toda vez que la demandante interesaba solicitarle unos documentos al demandado.[3] Luego de evaluada la prueba testifical y documental el Tribunal declaró *Ha Lugar* la demanda de divorcio por ruptura irreparable. Además, les indicó a las partes que "aunque otorgaron Capitulaciones Matrimoniales, adquirieron bienes y deudas en conjunto, no se atenderá en este asunto, sino que tiene que ser atendido en un **pleito independiente**."[4] (Énfasis nuestro).

Ese día, 20 de marzo de 2026, el foro primario dictó Sentencia mediante la cual declaró *Con Lugar* la demanda de divorcio por la causal de ruptura irreparable. Indicó que, "[l]as partes contrajeron matrimonio bajo el vínculo de separación de bienes, sin embargo, adquirieron bienes en comunidad, y contrajeron deudas durante su matrimonio sujetas a liquidación."[5]

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, *In re*: Reglamento del Tribunal de Apelaciones, 2025 TSPR 42, 215 DPR _____, entrada 1.
[2] SUMAC TPI, entrada 14.
[3] SUMAC TPI, Minuta, entrada 33.
[4] Íd., pág. 2.
[5] SUMAC TPI, entrada 28.

Luego de otros trámites, el 1ro de mayo de 2026, la demandante Rodríguez Figueroa presentó una *Moción Solicitando el Desistimiento sin Perjuicio*[6] de la acción de alimentos excónyuge. En respuesta, el 5 de mayo de 2026, el foro primario dio por desistida la solicitud de alimentos excónyuge y dejó sin efecto el señalamiento del 22 de mayo de 2026, dirigido a esos fines.[7]

El 6 de mayo de 2026, el señor Castillo Colón presentó una *Moción aceptando desistimiento y solicitando atención de peticiones pendientes*[8]. Adujo que en la Sentencia que dictó el foro primario el 20 de marzo de 2026, se indicó que las partes adquirieron bienes en comunidad y contrajeron deudas durante su matrimonio sujetas a la liquidación. Alegó que la Sentencia no adjudicó ni liquidó los bienes mencionados, por lo que, dichos asuntos permanecen pendientes ante el Tribunal. Señaló que en la contestación a la demanda realizó ciertas alegaciones afirmativas. En consecuencia, solicitó que se emita una orden o señalamiento respecto las solicitudes afirmativas que continúan pendientes. En igual fecha, el demandado realizó similar petitorio en un escrito intitulado *Moción solicitando señalamiento para atención de peticiones pendientes*.[9]

En reacción, ese mismo 6 de mayo de 2026, foro primario emitió la siguiente *Orden*[10]:

> Toda controversia relacionada con los bienes de la extinta Sociedad Legal de Gananciales y que ahora forman parte de la Comunidad Post Ganancial debe ser atendida mediante la presentación de una causa de acción separada e independiente a la de epígrafe en la Sala Civil Superior correspondiente.

---

[6] SUMAC TPI, entrada 47.
[7] SUMAC TPI, entrada 49.
[8] SUMAC TPI, entrada 50.
[9] SUMAC TPI, entrada 51.
[10] SUMAC TPI, entrada 53.

Ante el desistimiento de la Sra. Rodríguez Figueroa de la acción de alimentos entre parientes, no hay controversia ulterior que adjudicar ni ante la consideración del Tribunal.

Insatisfecho, el 7 de mayo de 2026, el señor Castillo Colón solicitó reconsideración[11]. A grandes rasgos alegó que la orden no atiende la solicitud real del demandado en su contestación a la demanda respecto a la determinación de carácter privativo de ciertas propiedades inscritas a nombre de ambos.

El 7 de mayo de 2026, notificada el día siguiente, el foro primario emitió una *Orden*[12] en la cual declaró *No ha lugar* la reconsideración. Agregó que, "[c]ualquier controversia relacionada a los bienes, debe ser atendida en un proceso separado e independiente, no bajo la causa de epígrafe."

Aun en desacuerdo, Castillo Colón presentó un recurso de *certiorari*. Adujo que incidió el foro primario en lo siguiente:

Primero: Erró en derecho al tratar asuntos privativos como si fueran controversias de bienes gananciales. La sentencia reconoce separación total de bienes. El TPI aplicó doctrina de gananciales a un matrimonio que no tiene gananciales.

Segundo: Negación de acceso al foro adecuado. El TPI obligó al peticionario a presentar un pleito independiente para asuntos que deben atenderse dentro del caso de divorcio.

Tercero: Denegación de reconsideración sin análisis. La orden del 7 de mayo contiene solo: "no ha lugar…"

Evaluado el asunto, disponemos.

## II.

### A.

El Artículo 425 del Código Civil de 2020, dispone que, el divorcio puede solicitarse al tribunal mediante la presentación de: (a) una petición conjunta de divorcio por consentimiento. (b) una petición conjunta de divorcio por ruptura irreparable de los nexos

---

[11] SUMAC TPI, entrada 55.
[12] SUMAC TPI, entrada 57.

de convivencia matrimonial. (c) una petición individual de divorcio por ruptura irreparable de los nexos de convivencia matrimonial. […] 31 LPRA sec. 6772. Ver, además, Ley 192-2011. A diferencia del divorcio por consentimiento mutuo, la ruptura irreparable, puede ser solicitada por ambas partes de manera conjunta o de **manera individual**.

Solo en la petición conjunta del divorcio por consentimiento mutuo se exige que esta se presente acompañada del convenio suscrito y jurado por ambos cónyuges sobre ciertos asuntos, entre ellos, el modo en que han de adjudicarse los activos y pasivos gananciales o regular las relaciones económicas de los excónyuges. Mientras que, en la **petición conjunta** por ruptura irreparable, los cónyuges no vienen obligados a liquidar los bienes y obligaciones de la sociedad de gananciales, pero deben hacer un inventario y avalúo de estos. Artículo 429 del Código Civil, 31 LPRA 6776 (i).

Según el Artículo 433 del Código Civil, en los casos de divorcio por petición individual, el tribunal decretará disuelto el vínculo matrimonial previa notificación mediante emplazamiento y celebración de vista. 31 LPRA sec. 6780. El efecto de la sentencia de petición individual de divorcio por ruptura irreparable es que, "disolverá el vínculo matrimonial sin describir la conducta específica que da lugar a la petición". Artículo 434 del Código Civil, 31 LPRA sec. 6781. Entonces, el fin de la ruptura irreparable es culminar la relación.

**B.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. Allio v. Santiago Chardón, 2026 TSPR 13, 217 DPR ____ (2026); Rivera et al. v. Arcos Dorado

et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023). El adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". García v. Asociación, 165 DPR 311, 321 (2005).

Al tratarse de una reclamación post-sentencia, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. Allio v. Santiago Chardón, *supra*; BPPR v. SLG Gómez-López, 213 DPR

314, 334-335 (2023). De igual manera, es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, *supra*, pág. 333; In re-Collazo I, 159 DPR 141, 150 (2003). Ahora bien, la discreción cede en las circunstancias en las que se demuestre que éstos actuaron con prejuicio o parcialidad; incurrieron en un craso abuso de discreción, o se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*, págs. 334-335; Rivera et al. v. Arcos Dorados et al., *supra*, pág. 210.

### III.

El peticionario nos solicita que le ordenemos al foro primario que dilucide las solicitudes de este relacionada a ciertos bienes privativos. Evaluado el asunto, declinamos intervenir.

Este caso tiene su génesis, en acción individual de divorcio por ruptura irreparable que incoó la señora Rodríguez Figueroa contra el peticionario. En la demanda también se reclamó alimentos excónyuge. La aquí recurrida especificó en el inciso 6 de la demanda que se reservaba el derecho de reclamar en un pleito independiente la liquidación de bienes. En la vista del divorcio, celebrada el 20 de marzo de 2026, el foro primario manifestó que "aunque otorgaron Capitulaciones Matrimoniales, adquirieron bienes y deudas en conjunto, no se atenderá en este asunto, sino que tiene que ser atendido en un pleito independiente." Así las cosas, el foro primario dictó la Sentencia de divorcio ese día 20 de marzo, notificada el 24 de marzo de 2026. Más adelante, la demandante desistió de su reclamación

de alimentos excónyuges. El foro primario lo aceptó, culminando así todo trámite pendiente por adjudicar.

No obstante, más adelante, el peticionario le solicitó al TPI que atendiera otros asuntos relacionados a bienes privativos. Los días 6 y 7 de mayo de 2026, el foro primario declinó ese petitorio. En síntesis, porque toda controversia relacionada con los bienes debía ser atendida en una acción independiente.

Esta determinación no requiere nuestra intervención. Sabido es que contrario al divorcio por consentimiento mutuo, cuando se presenta una petición individual de divorcio por ruptura irreparable no es necesario adjudicar la división de los bienes. Es decir, el tribunal no está obligado a atender los asuntos relacionados a los bienes del matrimonio. Cónsono a ello, desde la presentación de la demanda hasta la vista de divorcio la acción se dirigió exclusivamente a dilucidar el divorcio y la pensión excónyuge. De manera que, en este caso, no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. El peticionario tampoco ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción.

**IV.**

Por las razones antes expresadas, denegamos la expedición del auto de certiorari.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones